**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VALERIE N. LONG and JEFFREY D. LONG, wife and husband, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 20-2017 |
| v. | ) ) | Judge Marilyn J. Horan |
| USAA CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## <u>OPINION</u>

Plaintiffs, Valerie and Jeffrey Long, filed suit in the Court of Common Pleas of Indiana County against Defendant, USAA Casualty Insurance Company (USAA), alleging claims for breach of contract and bad faith based on USAA's failure to pay underinsured motorist benefits relating to a November 2019 car accident involving Mr. Long.  (ECF No. 1).  USAA subsequently removed the action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1446(b)(3).  (ECF No. 1).  Pending before the Court is USAA's Motion to Dismiss Plaintiffs' request for costs and attorneys' fees as asserted in Count I, breach of contract claim, and to dismiss Count II, bad faith claim.  (ECF No. 4).  For the reasons that follow, USAA's Motion to Dismiss will be granted.

1

## I.      Factual Background[1]

Plaintiffs Valerie and Jeffrey Long are wife and husband who own a car insurance policy through USAA.  (ECF No. 1-2, ¶ 6).  The policy was effective August 6, 2019 through February 6, 2020.  (ECF No. 1-2, ¶ 6).  The Longs paid all car insurance policy premiums for their two insured automobiles.  (ECF No. 1-2, ¶¶ 7, 8).  The policy included stacked underinsured motorist benefits in the amount of $100,000 per person, for a total of $200,000 underinsured motorist benefits.  (ECF No. 1-2, ¶ 8).

On November 18, 2019, Mr. Long was involved in a car accident with an underinsured motorist who ran a stop sign and collided with Mr. Long's vehicle.  (ECF No. 1-2, ¶¶ 11-15, 26). Both vehicles were severely damaged and rendered inoperable.  (ECF No. 1-2, ¶ 14).  Mr. Long, who had a history of prior medical problems before the accident, was severely injured in the crash.  (ECF No. 1-2, ¶ 18).  He alleges he suffered "severe trauma to the back, arms and legs, resulting in disabling pain and tightness in his back, pain and paresthesia in his left leg, loss of strength in the arms and back, and limitation of his mobility and ability to perform normal physical activities; [and] severe aggravation of his pre-existing depression, mental anguish, pain and suffering . . . ."  (ECF No. 1-2, ¶ 18).  Mr. Long alleges he was in so much mental and physical pain after the accident that he attempted to take his own life.  (ECF No. 1-2, ¶ 19). Since Mr. Long's suicide attempt, Plaintiffs have lived separate and apart.  (ECF No. 1-2, ¶ 20). Mr. Long continues to undergo medical and psychiatric treatment for his injuries.  (ECF No. 1-2,

---

1. The background facts are taken from the Complaint.  (ECF No. 1-2).  Because the case is presently before the Court on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the Plaintiffs.  *See Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017).

P 21).  Additionally, since the car accident, Mr. Long has been unemployed and has suffered

impairment of his earning power and capacity.  (ECF No. 1-2, P 22).

The Longs reached a settlement with the underinsured motorist's insurance company and

received the full policy limit of $15,000.  (ECF No. 1-2, P 28).  The Long's attorney then sent

USAA a letter demanding the $200,000 underinsured motorist coverage policy limits.  (ECF No.

1-2, P 30).  The Long's attorney also provided USAA with the police report from the accident,

Mr. Long's medical records, and other materials to support their claim.  (ECF No. 1-2, P 30).  In

response, USAA sent a letter offering $15,000 to resolve the Long's underinsured motorists

claim.  (ECF No. 1-2, P 32).  The Longs value their damages from the accident at $215,000.

(ECF No. 1-2, P 33).

In Count I, the Longs assert a claim against USAA for breach of contract for failing to

provide the full value of their stacked underinsured motorist coverage under the policy.  The

Longs also seek attorney's fees and costs under Count I.  In Count II, the Longs assert a claim of

bad faith against USAA.

## II.    Standard of Review

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief."  *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir.

2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its fact.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court clarified that this

plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further,

amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great W. Mining*, 615 F.3d at 175).

## III.    Discussion

The Longs do not oppose USAA's Motion to Dismiss their request for attorney's fees and costs from the breach of contract claim at Count I. Thus, USAA's Motion to Dismiss Plaintiffs' requests for attorney's fees and costs will be granted.

USAA moves to dismiss Count II, the bad faith claim, against it, arguing that the Longs' Complaint does not state sufficient facts to establish their bad faith claim. (ECF No. 5, at 3). The Longs argue that USAA's failure to provide any reasoning or explanation for why it did not offer the full stacked policy limit supports their bad faith argument. (ECF No. 9, at 5). Pennsylvania's bad faith insurance statute states that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following action:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.

42 Pa. C.S. § 8371. Bad faith in the insurance context involves "any frivolous or unfounded refusal to pay proceeds of a policy." *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). Under Pennsylvania law, to recover for bad faith, a plaintiff must prove, by clear and convincing evidence, that: (1) an insurer lacked a reasonable basis for denying a claim;

and, (2) knew or recklessly disregarded its lack of reasonable basis in denying it. *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997); *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 750 (3d Cir. 1994); *Terletsky*, 649 A.2d 680, 688 (Pa. Super. 1994). "Bad faith claims are fact-specific and depend on the conduct of the insurer vis-à-vis the insured." *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006) (citing *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000). An insured can demonstrate bad faith by showing that the insurer failed to properly investigate submitted claims. *Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F. Supp. 3d 671, 675 (E.D. Pa. 2014).

Here, the Longs do not provide any factual support regarding their bad faith claim, other than their allegations that USAA's offer of $15,000 failed to cite any reasons for such offer. The Longs did not cite any other facts to support their allegation that USAA acted in bad faith. These bare factual assertions, without more, do not state a plausible claim for which relief can be granted. Because the Longs' claim for bad faith lacks sufficient specificity, USAA's Motion to Dismiss the bad faith claim, Count II, will be granted. The Longs will be granted leave to amend.

## IV.    Conclusion

As the Longs do not oppose USAA's Motion to Dismiss their request for attorney's fees and costs from the breach of contract claim at Count I, USAA's Motion to Dismiss the Longs' requests for attorney's fees and costs will be granted. Additionally, USAA's Motion to Dismiss Count II, the bad faith claim, will be granted. The Longs are permitted leave to amend their Complaint. *Phillips*, 515 F.3d at 246; *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). The Longs will have fourteen days to file an Amended Complaint. If amendment is not forthcoming within that time, the bad faith claim asserted

against USAA will be dismissed with prejudice.  If the Longs file an Amended Complaint,

USAA shall file its Answer within 14 days of such filing.  An appropriate Order will be entered.


Date: __4/20/2021_____

Marilyn J. Horan
United States District Court Judge